(No. 36390.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH NIMMER, Plaintiff in Error.

*Opinion filed September 28, 1962.*

RUSSELL G. MILLER, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and M. ROBERT OSTROW, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Defendant, Joseph Nimmer, was found guilty of robbery after a bench trial in the criminal court of Cook County and was sentenced to the penitentiary for a term of three to eight years. He prosecutes this writ of error contending that he was not proved guilty beyond a reason-

able doubt, and that reversible error was committed when the trial court suggested that defendant submit to a lie-detector test.

Examination of the record discloses that the question of defendant's guilt or innocence rested completely upon a determination of the weight and credibility to be afforded to the testimony of the prosecution witnesses on the one hand, and to the defendant and his alibi witnesses on the other. And if more was not involved, the trial court's acceptance of the People's witnesses would afford sufficient basis for affirming the judgment of conviction. However, the record shows a clear violation of section 8b, division XIII of the former Criminal Code, (Ill. Rev. Stat. 1959, chap. 38, par. 736.2), and, with it, some reservation by the court as to the weight and credibility of the defendant's testimony. The statute in question, doubtless enacted in the interest of justice and fairness and with an eye to constitutional prohibitions against self-incrimination, provides as follows: "In the course of any criminal trial the court shall not require, request or suggest that the defendant submit to a polygraphic detection deception test, commonly known as a lie detector test, to questioning under the effect of sodium pentothal or to any other test or questioning by means of any mechanical device or chemical substance."

At the close of all the evidence in this case, the trial judge, in summarizing his reactions to the testimony of the various witnesses, remarked: "Under the evidence I would have to find him guilty." He immediately went on to suggest, however, that if defendant would take a lie-detector test that he, the judge, would follow the result of the test. When defendant's counsel expressed his client's willingness to do so, the trial was continued for such purpose. Ten days later the cause again came on for hearing at which time defendant was adjudged guilty and sentence imposed. Whether a lie-detector test had been given, or whether the court was following its result, does not appear.

Seeking to avoid the effect of the statute the People argue that it should be given no application in this case because the trial court was already "conclusively convinced" of defendant's guilt before the suggestion of a lie-detector test was made. Apart from the fact the statute does not admit to such an exception, the immediate suggestion that defendant take such a test, and that its result would prevail, manifestly demonstrates that the court did not then entertain an unalterable or conclusive conviction of guilt.

Under the clear direction of the statute, the validity or construction of which has not been questioned, we have no choice but to reverse the judgment of conviction and to remand the cause for a new trial.

*Reversed and remanded.*